# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

NATASHA H.,[1]

      Plaintiff,

vs.

FRANK BISIGNANO,
Commissioner of Social Security,

      Defendant.

No. 25-CV-2003-CJW-MAR

**ORDER**

_____

## I.    *INTRODUCTION*

A March 5, 2026 Report and Recommendation ("R&R") filed by the Honorable Mark A. Roberts, United States Magistrate Judge (Doc. 14) is before the Court. Judge Roberts recommends that the Court affirm in part and reverse the decision rendered by the Commissioner of Social Security ("the Commissioner") denying Natasha H.'s ("Claimant") application for disability insurance ("DI") benefits under Title II of the Social Security Act, 42 United States Code, Sections 401–434, and remand the case for further proceedings. Neither party has objected to the R&R. The deadline for such objections has expired. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). For the following reasons, the Court **accepts** Judge Roberts' R&R (Doc. 14) without modification.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

## II.     APPLICABLE STANDARDS

### A.     Judicial Review of the Commissioner's Decision

The "Court must affirm the Commissioner's decision if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003) (quoting *Kelley v. Callahan*, 133 F.3d 583, 587 (8th Cir. 1998)). The Eighth Circuit describes the standard as "something less than the weight of the evidence [that] allows for the possibility of drawing two inconsistent conclusions." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994) (quoting *Turley v. Sullivan*, 939 F.2d 524, 528 (8th Cir. 1991)).

In determining whether the Commissioner's decision meets this standard, the Court considers "all of the evidence that was before the ALJ, but [it does] not re-weigh the evidence." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The Court considers both evidence that supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The Court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the Court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Hum. Servs.*, 879 F.2d 441, 444 (8th Cir. 1989) (citing *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987)). The Court, however, may not reverse the Commissioner's

decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

### B.  Review of Report and Recommendation

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.  A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard.  *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error").  As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).  A district judge may, however, elect to review an R&R under a more exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985).

### III. BACKGROUND

The Court has reviewed the record and finds that Judge Roberts accurately summarized the pertinent facts and procedural history of this case. (Doc. 14, at 1–2, 5–7). In short, claimant alleged disability due to a herniated disc in her neck, depression, and anxiety. (AR at 187). Claimant alleged an onset date of November 1, 2021. (*Id.* at 168). On August 22, 2023, the Commissioner denied claimant's benefits (*id.* at 87, 99) and claimant sought review by an Administrative Law Judge ("ALJ"). (*Id.* at 116–17). On January 23, 2024, the ALJ issued an unfavorable ruling. (*Id.* at 14, 88–97). The ALJ found that claimant suffered from the severe impairments of fibromyalgia, disorders of the spine resulting in compromise of a nerve root, and obesity. (*Id.* at 17). Nevertheless, the ALJ found claimant had the residual functional capacity ("RFC") to perform "light work as defined in 20 CFR [§] 404.1567(b) except that she can occasionally reach overhead and in all directions with the right upper extremity." (*Id.* at 20). Although the ALJ found claimant could not return to her past work, the ALJ found there were other jobs in the national economy that claimant could perform, such as call out operator, school bus monitor, and children's attendant. (*Id.* at 35). Accordingly, the ALJ found claimant not disabled and denied her application for DI benefits. (*Id.* at 36).

### IV. DISCUSSION

Claimant argues that the ALJ erred in two ways. First, by (a) failing to fully and fairly develop the record on isolated jobs issues (call out operator and children's attendant) and failing to properly follow SSR 00-4p regarding the school bus monitor job;

and (b) failing to properly evaluate the opinions of Casey Doyle, a physical therapist. (Doc. 9). Judge Roberts found the ALJ erred on the first issue, but not the second. The Court will address each in turn.

### A.    *Jobs Issues*

Judge Roberts first agreed with claimant that the school bus monitor position may not be a full-time job. (Doc. 14, at 13). Judge Roberts based this conclusion not just on the job description and common sense, but also relied on other reported cases addressing the same position. (*Id.*, at 13–15). The problem Judge Roberts identified here is that the vocational experts (VE) "offer[ed] no testimony on whether the school bus monitor position is typically full or part-time work," and also "offered no testimony on the number of school bus monitor, call out operator, and children's attendant jobs regionally." (*Id.*, at 15). Rather, Judge Roberts noted, "[t]he VE gave only national numbers for all three jobs." (*Id.*). Thus, Judge Roberts calculated that if the school bus monitor job cannot be counted because it is not full-time, then the remaining two jobs are available at numbers below the cut-off for national numbers and cannot stand as sufficient absent evidence of regional job availability. (*Id.*, at 15–17). Thus, Judge Roberts recommended the Court "remand[] [the case] for further development and VE testimony on whether the school bus monitor job is typically full or part-time and for a regional breakdown of all three jobs." (*Id.*, at 17).

The Court concurs completely with Judge Roberts' analysis. It may very well be that school bus monitor jobs are typically full-time positions, but it seems unlikely, and it is certainly not a conclusion this Court can reach on the record before it. Moreover, given the low number of jobs available at the national level, particularly in light of the bus monitor job issues, it is incumbent that on remand the Commissioner develop the record of jobs available for claimant, with her RFC, at the regional level. Again, it may very well be that there are sufficient jobs available at the regional level for an ALJ to

5

find claimant not disabled. But the Court is in no position on the record before it to find the ALJ's decision is supported by substantial evidence.

Thus, the Court concurs with Judge Roberts and finds the ALJ's decision on this issue must be reversed and the case remanded for further development of the record consistent with this decision.

### B. Physical Therapist's Opinion

Judge Roberts found substantial evidence in the record supports the ALJ's evaluation of the opinion of Casey Doyle, a physical therapist. (Doc. 14, at 27). Judge Roberts began his analysis with a review of the ALJ's quite lengthy and detailed evaluation of the physical therapist's findings and opinions. (*Id.*, at 19–26). Judge Roberts noted that the ALJ contrasted the physical therapist's findings against the contrasting opinions of the administrative medical providers who the ALJ found persuasive. (*Id.*, at 26–27). Based on a review of the ALJ's analysis and the record that supported it, Judge Roberts found "that the ALJ both properly considered Mr. Doyle's opinions and properly addressed the consistency and supportability of Mr. Doyle's opinions," and also found they "were not consistent with the record as a whole and were not adequately supported by objective medical findings in the record." (*Id.*, at 27). Judge Roberts concluded by noting that, even if someone could reach a different conclusion from the record, this Court must uphold the ALJ's decision so long as it is supported by substantial evidence on the record as a whole. (*Id.*).

The Court finds Judge Roberts' reasoning sound, and likewise concludes that substantial evidence supported the ALJ's finding in this regard. The question before this Court is not whether the ALJ's conclusion was the only one that could be reached on the record, or even if it was the correct conclusion, but rather whether substantial evidence on the record as a whole could support the conclusion. Here, the Court finds the evidence

6

could support the ALJ's reasonable conclusion and therefore the Court will not disturb that finding on review. Thus, on this issue, the Court finds the ALJ did not err.

## V. CONCLUSION

For these reasons:

1. The Court **accepts** Judge Roberts' R&R (Doc. 14) without modification. *See* 28 U.S.C. § 636(b)(1).

2. Consistent with Judge Roberts' recommendation, the Commissioner's determination is **reversed**, and this matter is **remanded** to the Commissioner under sentence four of Section 405(g) for further proceedings consistent with this order and Judge Roberts' R&R.

**IT IS SO ORDERED** this 24th day of March, 2026.

_____
C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa

7